**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **ERIC YBARRA** § | | |
|     *Plaintiff* § | | |
| § | | |
| v. § | | NO. 1:19-CV-1099-RP |
| § | | |
| **DEREK DAVIS, in his individual** § | | JURY DEMANDED |
| **Capacity, and BASTROP COUNTY** § | | |
|     *Defendants* § | | |

## DEFENDANTS' PARTIAL MOTION TO DISMISS
## PLAINTIFF'S ORIGINAL COMPLAINT

COME NOW, **DEREK DAVIS**, in his individual capacity, and **BASTROP COUNTY** (collectively, "Defendants") and file this, their Partial Motion to Dismiss Plaintiff's Original Complaint, and in support thereof, would respectfully show the Court the following:

### I.   INTRODUCTION

This matter arises from Plaintiff Eric Ybarra's ("Ybarra") arrest by Sheriff's Deputy Derek Davis ("Defendant Davis"). Ybarra asserts constitutional violations pursuant to 42 U.S.C. § 1983 ("Section 1983") against Defendant Davis in his individual capacity only, and *Monell* claims against Bastrop County.

First, Ybarra cannot overcome Defendant Davis' defense of qualified immunity as to his claim of "Illegal Entry" because Ybarra admits to facts which establish probable cause for his arrest. Thus, Ybarra fails to plead sufficient facts to allege a violation of a clearly established constitutional right, or that Defendant Davis' conduct in entering the property was objectively unreasonable.

1

Likewise, Ybarra cannot overcome Defendant Davis' defense of qualified immunity as to his claim of "First Amendment Retaliation" because Ybarra fails to plead the absence of probable cause for his arrest.

Finally, Ybarra's *Monell* claim should be dismissed because he fails to allege that an official policy or custom was the "moving force" behind the alleged violations.

Accordingly, the above claims should be dismissed under Federal Rule of Civil Procedure 12(b)(6).

## II.   PLAINTIFF'S FACTUAL ALLEGATIONS[1]

On a date not disclosed in Plaintiff's Original Complaint, Ybarra alleges that Defendant Davis witnessed Ybarra and his girlfriend stopped at the gate of Ybarra's property with his motorcycle after returning to his home in rural Bastrop County.[2] At that time, Ybarra alleges Defendant Davis "believed (sic) Ybarra's driver's license was expired, and decided to arrest Ybarra . . . ."[3] While Defendant Davis was circling back around to stop his car at the entrance gate to the property, Ybarra alleges that he "opened the gate to his property, then left his girlfriend to close and lock the gate while Ybarra parked the motorcycle next to his house."[4] When Defendant Davis found the gate closed and locked, he asked Ybarra's girlfriend to open the gate, but she responded that she did not have the key and stated she would have to retrieve it from the house.[5] Ybarra further alleges that he heard his girlfriend arguing with Defendant Davis and approached

---

[1] Although the County Defendants deny almost all of Plaintiffs' allegations, the factual allegations in their Original Complaint are taken as true for purposes of this Motion only.
[2] Dkt. 1, p. 2, para. 8-9.
[3] *Id*. at p. 2, para. 10.
[4] *Id*. at p. 2, para. 8, 11.
[5] *See id*. at p. 2, para. 11.

2

the fence.[6] Upon being asked by Defendant Davis to produce his identification, Ybarra refused because he left his identification in his house and "the law did not require him" to provide it.[7]

Ybarra alleges that Defendant Davis then jumped over the fence to approach Ybarra.[8] Defendant Davis again asked for Ybarra's identification, but Ybarra refused again and asked to speak with Davis' supervisor.[9] Ybarra alleges Davis then grabbed Ybarra's arm, told him he was under arrest, and handcuffed him.[10] While walking the short distance to the locked gate, Ybarra allegedly continued telling Davis that his actions were illegal and that Davis was violating Ybarra's constitutional rights.[11] When Davis asked for the key to the gate, Ybarra responded that he did not have it.[12] Ybarra alleges Davis then put his arm around Ybarra's neck, threw him to the ground, climbed on top of him, screamed at him, pressed his chest to the ground, and screamed, "stop resisting!" even though Ybarra was "not resisting at all."[13]

### III.   ARGUMENTS & AUTHORITIES

**A.   Standard of Review**

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[A]

---

[6] *See* Dkt. 1, at p. 3, para. 13-14.
[7] *See id*. at p. 3, para. 14-16.
[8] *See id*. at p. 3, para. 17.
[9] *See id*. at p. 3, para. 19-21.
[10] *See id*. at p. 3, para. 22.
[11] *See id*. at p. 4, para. 23.
[12] *See* Dkt. 1, at p. 4, para. 24.
[13] *See id*. at p. 4, para. 26-32.

complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

However, the complaint must set forth more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) (modification in original). The complaint "must contain either direct allegations on every material point necessary to sustain a recovery. . . or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial. *Rios v. City of Del Rio, Tex.*, 444 F.3d 417, 420–21 (5th Cir. 2006) (internal citations omitted). "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Id.* at 421 (internal citations omitted).

**B.    Plaintiff Fails to State a Claim for "Illegal Entry" Under Section 1983 Against Defendant Davis**

To establish liability against Defendant Davis, Plaintiff bears the burden of negating Davis' qualified immunity. *See McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002). Courts employ a two-part test to analyze a qualified immunity defense. First, the court must determine whether Plaintiff alleges a violation of a "clearly established" constitutional right. *Collins v. Ainsworth*, 382 F.3d 529, 537 (5th Cir. 2004). Second, the Court must determine whether the Defendant's conduct was "objectively unreasonable." *Id.*

To withstand dismissal, Ybarra's allegations must satisfy with the heightened pleading standard that applies to his claims. "Plaintiffs suing government officials in their individual

4

capacities . . . must allege specific conduct giving rise to a constitutional violation." *Oliver v. Scott*, 276 F.3d 736, 741 (5th Cir. 2002). "Heightened pleading requires allegations of fact focusing specifically on the conduct of the individual who caused the plaintiff['s] injury." *Reyes v. Sazan,* 168 F.3d 158, 161 (5th Cir. 1999). Additionally, Plaintiff must support his claims with "sufficient precision and factual specificity to raise a genuine issue as to the illegality of [Defendant Davis'] conduct at the time of the alleged acts." *Baker v. Puntal*, 75 F.3d 190, 197 (5th Cir. 1996).

> **i.      *Plaintiff fails plead sufficient facts to allege a violation of a clearly established constitutional right under the Fourth Amendment for "illegal entry."***

Here, Ybarra alleges in conclusory fashion that Defendant Davis entered his property without a warrant and "no exigent circumstances—such as danger to any person or the imminent destruction of evidence—was present to justify Davis' entry . . . ."[14] However, Ybarra fails to plead sufficient facts to show the absence of probable cause for Davis' arrest, or that the area where the arrest occurred was within the curtilage of the home, as required to establish the necessity of a warrant.

"Statutes in all 50 States and the District of Columbia permit warrantless misdemeanor arrests . . . . " *Nieves v. Bartlett*, 139 S. Ct. 1715, 1727 (2019) (quoting *Atwater*, 532 U.S. at 344–345, 354, 121 S.Ct. 1536 (2001); see *id.,* at 355–360, 121 S.Ct. 1536 (listing state statutes)). In Texas, "[a] peace officer may arrest an offender without a warrant for ***any offense*** committed in his presence or within his view." Tex. Code Crim. Proc. Ann. art. 14.01(b) (emphasis added). Under certain circumstances, driving with an expired driver's license is a misdemeanor offense. *See* Tex. Transp. Code Ann. § 521.457.

"[A] 'warrantless arrest by a law officer ***is reasonable*** under the Fourth Amendment where there is probable cause to believe that a criminal offense has been or is being committed.'" *Ayala*

---

[14] Dkt. 1 at p.5, para. 43.

*v. Aransas Cty.*, 777 F. App'x 100, 106 (5th Cir. 2019) (emphasis added) (quoting *Devenpeck v. Alford*, 543 U.S. 146, 152, 125 S.Ct. 588, 160 L.Ed.2d 537 (2004)). "Probable cause exists when all of the facts known by a police officer 'are sufficient for a reasonable person to conclude that the suspect had committed, or was in the process of committing, an offense.'" *Id*. (quoting *State v. Kleinert*, 855 F.3d 305, 316 (5th Cir. 2017)).

Furthermore, factors used to determine whether the area claimed to be curtilage is so intimately tied to the home itself that it should be placed under the home's "umbrella" of protection under the Fourth Amendment include: "(1) the proximity of the area to the home; (2) whether the area is within an enclosure surrounding the home; (3) the nature and uses to which the area is put; and (4) the steps taken by the resident to protect the area from observation by [a] passersby." *United States v. Dunn*, 480 U.S. 294, 294–95, 107 S. Ct. 1134, 1136, (1987).

Here, Ybarra alleges that even before Defendant Davis stopped his squad car at the property's entrance gate, he "believed (sic) Ybarra's driver's license was expired, and decided to arrest Ybarra . . . ."[15] Therefore, Ybarra's allegations establish that Defendant Davis had probable cause, and subjectively intended to arrest Ybarra, before arriving at the gate which Ybarra's girlfriend had just locked while he was approaching. Additionally, Ybarra fails to plead sufficient facts to establish that the location of the arrest was within the curtilage of Ybarra's home. Ybarra alleges only that his home was located in rural Bastrop County—but fails to allege facts to establish how far the area of the arrest was from his home, whether it was within a shared enclosure with other properties, the nature and use of the area, and steps taken by Ybarra to protect the are from observation/entry.

---

[15] Dkt. 1, p. 2, para. 10-11.

Simply put, Ybarra has not pled his claims with sufficient factual specificity in accordance with the standards mandated by *Iqbal*, 556 U.S. at 678. Even if Ybarra did provide sufficient factual specificity, he has failed to allege any facts supporting the notion that Defendant Davis' conduct in entering the property was objectively unreasonable.

> ii. **Plaintiff fails plead sufficient facts to allege a violation of a clearly established constitutional right under the First Amendment.**

A "plaintiff pressing a retaliatory arrest claim must ***plead*** and prove the absence of probable cause for the arrest." *Nieves v. Bartlett*, 139 S. Ct. 1715, 1724, 204 L. Ed. 2d 1 (2019) (emphasis added). The presence of probable cause should generally defeat a First Amendment retaliatory arrest claim. *Id*. "'[I]f an officer has probable cause to seize [an] individual, the objectives of law enforcement take primacy over the citizen's right to avoid retaliation.'" *Ayala v. Aransas Cty.*, 777 F. App'x 100, 106–07 (5th Cir. 2019) (quoting *Davidson v. City of Stafford, Texas*, 848 F.3d 384, 391 (5th Cir. 2017), *as revised* (Mar. 31, 2017)).

Here, as explained above, Ybarra's allegations establish the existence of probable cause for his arrest. Ybarra's failure to plead the absence of probable cause is fatal to his First Amendment retaliation claim and dismissal is warranted.

**C.    Plaintiff Fails to Plead a Plausible Claim for Relief against Bastrop County Under *Monell*.[16]**

Ybarra alleges that Bastop County is liable as a result of the following "policies, practices, or customs:" "a) Failing to train deputies regarding when suspects are required to produce identification; b) Failing to train deputies that tackling suspects by the neck was extraordinarily dangerous; and c) Requiring citizens to provide identification when citizens have no legal obligation to do so."[17]

---

[16] *Monell v. Dep't of Soc. Servs. of City of New York,* 436 U.S. 658 (1978).
[17] Dkt. 1, p. 6-7, para. 53.

Courts have made it abundantly clear that isolated unconstitutional actions by municipal employees will rarely trigger municipal liability. *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001). To establish county liability under § 1983: "[A] plaintiff must show that (1) an official policy (2) promulgated by the municipal policymaker (3) was the moving force behind the violation of a constitutional right." *Pena v. City of Rio Grande City*, 879 F.3d 613, 621 (5th Cir. 2018) (citing *Hicks–Fields v. Harris Cty.*, 860 F.3d 803, 808 (5th Cir. 2017) (citations omitted), *cert. denied*, ––– U.S. ––––, 138 S.Ct. 510, ––– L.Ed.3d ––––, 2017 WL 4339261, 2017 U.S. LEXIS 7214 (U.S. Dec. 4, 2017)).

The first policy prong "includes the decisions of a government's law-makers, the acts of its policymaking officials, and ***practices so persistent and widespread as to practically have the force of law***." *Pena*, 879 F.3d at 621–22 (emphasis added) (citing *Connick v. Thompson*, 563 U.S. 51, 61, 131 S.Ct. 1350 (2011) (citations omitted); *Peterson v. City of Fort Worth*, 588 F.3d 838, 850–51 (5th Cir. 2009)). To proceed beyond the pleading stage, a complaint's "description of a policy or custom and its relationship to the underlying constitutional violation . . . ***cannot be conclusory; it must contain specific facts***." *Spiller v. City of Tex. City, Police Dep't*, 130 F.3d 162, 167 (5th Cir. 1997) (emphasis added).

Here, Ybarra fails to plead "specific facts" to establish the existence of an official policy "so persistent and widespread as to practically have the force of law," which was the moving force behind the alleged constitutional violations. Other than to point to the isolated facts of this case, Ybarra fails to plead any facts to plausibly suggest that it is Bastrop County's official policy to not train deputies regarding production of identification, tackling suspects by the neck, or requiring citizens to provide identification when citizens have no legal obligation to do so.

Therefore, Ybarra fails to allege specific facts to establish an official policy or custom of Bastrop County that was the "moving force" behind any alleged constitutional violation. As Ybarra has not pled the necessary elements for a *Monell* claim, his claims against Bastrop County fail as a matter of law.

### D.  Punitive Damages

To the extent that Ybarra seeks punitive damages against Defendants under Section 1983, this claim for damages should also be dismissed. The United States Supreme Court has unequivocally ruled that municipalities are immune from punitive damage awards under Section 1983. *See City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981); *Green v. City of Irving, Tex.*, No. CIV A 3:09-CV-0079-D, 2009 WL 762202, at *2 (N.D. Tex. Mar. 24, 2009).

### IV.  PRAYER

Based on the foregoing, **DEREK DAVIS**, in his individual capacity, and **BASTROP COUNTY** pray the Court grant this Partial Motion to Dismiss and order that Ybarra's claims against Defendant Davis for "Illegal Entry" and "First Amendment Retaliation" and all of his claims against Bastrop County be dismissed in their entirety. Defendants also pray that the Court grant such other and further relief to which they are justly entitled.

Respectfully submitted,

_____
**Larry J. Simmons – Attorney-in-Charge**
State Bar No. 00789628
Federal I.D. No. 18830
**Jamie Guidry – Of Counsel**
State Bar No. 24073512
Federal I.D. No. 24073512
**GERMER PLLC**
America Tower
2929 Allen Parkway, Suite 2900
Houston, Texas 77019
(713) 650-1313 – Telephone
(713) 739-7420 – Facsimile

COUNSEL FOR DEFENDANTS,
BASTROP COUNTY AND DEREK DAVIS

## CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of December, 2019, a true and correct copy of **Defendants' Partial Motion to Dismiss Plaintiff's Original Complaint** was forwarded to all known counsel of record pursuant to the Federal Rules of Civil Procedure.

_____
**Larry J. Simmons**