UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| ERIC YBARRA<br>    *Plaintiff* | § § § | |
| v. | § § | NO. 1:19-CV-1099-RP |
| DEREK DAVIS, in his individual<br>Capacity, and BASTROP COUNTY<br>    *Defendants* | § § § § | JURY DEMANDED |

## DEFENDANTS' REPLY IN SUPPORT OF THEIR
## PARTIAL MOTION TO DISMISS PLAINTIFF'S ORIGINAL COMPLAINT

COME NOW, **DEREK DAVIS**, in his individual capacity, and **BASTROP COUNTY** (collectively, "Defendants") and file this Reply in support of their Partial Motion to Dismiss Plaintiff's Original Complaint, and would respectfully show the Court the following:

**I. Plaintiff fails plead sufficient facts to allege a violation of a clearly established constitutional right under the Fourth Amendment for "illegal entry."**

As an initial matter, trespass or "illegal entry" to land is not a constitutional violation. To the extent Plaintiff attempts to state a section 1983 claim for false arrest, he must show that Defendant Davis did not have probable cause to arrest him. *Haggerty v. Texas S. Univ.*, 391 F.3d 653, 655 (5th Cir. 2004).

Here, Plaintiff's allegations remain deficient to meet the elements required to negate Defendant Davis' qualified immunity. To withstand dismissal, Plaintiff must plead sufficient facts, under the applicable heightened pleading standard, to establish the following: 1) that Defendant Davis violated a "clearly established" constitutional right; and that Davis' conduct was "objectively unreasonable." *Collins v. Ainsworth*, 382 F.3d 529, 537 (5th Cir. 2004).

In an effort to establish violation of a constitutional right, Plaintiff improperly attempts to add new factual representations without obtaining leave to amend his Complaint. First, regarding

the issue of probable cause, Plaintiff now contends that Defendant Davis "did not see Ybarra actually driving the motorcycle;" and Ybarra was "unaware of Davis' presence" when he closed and locked the gate and left his girlfriend to walk back to the house.[1] Although Plaintiff admits in his Complaint that he was in fact driving his motorcycle immediately before stopping at his gate ("Ybarra and his girlfriend were returning to his home in rural Bastrop County"[2]), he now claims that there was no probable cause for his arrest because he did not specifically admit in his petition that Defendant Davis saw him only seconds before. Here, Plaintiff cannot cure the factual deficiencies in his Complaint by arguing a different version of the facts.

Second, regarding the issue of whether the location of the arrest was within the "curtilage" of Plaintiff's home, he again improperly adds new factual representations, including that the distance between Ybarra's home and gate was "short;"[3] and "[a]lthough the gate did not block sight and sound, it did block physical intrusion."[4] Ultimately, Plaintiff concludes, "the entrance gate was near the house and actually blocked traffic, so Ybarra was arrested within the curtilage of his home."[5] Plaintiff's factual representations, even if considered, are insufficient because they fail to describe the proximity of the home (other than it was within walking distance); the nature and uses to which the area (land between the gate and house) is put; and the steps taken by Plaintiff to protect the area from observation. *See United States v. Dunn*, 480 U.S. 294, 294–95, 107 S. Ct. 1134, 1136, (1987). Other than to admit Plaintiff lived in a "rural" area, Plaintiff provides no further description of his property which could aid the Court in determining whether the arrest took place within the curtilage of the home.

---

[1] Dkt. 8, p. 2.
[2] Dkt. 1, p. 2, para. 8.
[3] Dkt. 8, p. 6.
[4] Dkt. 8, p. 7.
[5] Dkt. 8, p. 8.

For these reasons, Plaintiff has not pled sufficient facts to show that Defendant Davis violated a "clearly established" constitutional right; thus, his Fourth Amendment claim for "Illegal Entry" should be dismissed.

II. **Plaintiff fails plead sufficient facts to allege a violation of a clearly established constitutional right under the First Amendment.**

Here, Plaintiff concedes that he is not bringing a claim for retaliatory arrest; but rather a claim for retaliation through the use of excessive force.

However, "[i]n *Graham v. Connor*, 490 U.S. 386, 395, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989), the United States Supreme Court recognized that "*all* claims that law enforcement officers have used excessive force—deadly or not—in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard, rather than under a 'substantive due process' approach." *Price v. Elder*, 175 F. Supp. 3d 676, 678 (N.D. Miss. 2016).

"Multiple lower federal courts . . . have extended *Graham* to preclude First Amendment claims based on alleged excessive force employed during an arrest." *Id.* (citing *Anderson v. Franklin Cnty., Mo.*, 192 F.3d 1125, 1132 (8th Cir. 1999) (holding that alleged excessive force and arrest "plainly implicates the protections of the Fourth Amendment and that no cognizable § 1983 First Amendment claim has been asserted"); *Jenkins v. Town of Vardaman, Miss.*, 899 F.Supp. 2d 526, 534 (N.D. Miss. 2012) ("An allegation that excessive force was used in the course of making an arrest is clearly a Fourth Amendment, not a First Amendment, matter."); *Kirk v. Bostock*, No. 09–CV–15018–DBH, 2011 WL 52733, at *3 (E.D. Mich. Jan. 7, 2011) (granting summary judgment on First Amendment claim based on "the same set of facts" as the Fourth Amendment excessive force claim); *Montoya v. City of Albuquerque*, No. 03–CV–0261–JB, 2004 WL 3426436, at *10 (D.N.M. May 10, 2004) ("The Court believes that allowing Plaintiffs to

proceed with their First Amendment retaliation claim would unnecessarily complicate excessive force claims brought under the Fourth Amendment and would be contrary to the Supreme Court's holding in *Graham v. Connor*."); *Lagrone v. Hall*, No. 91–CV–7133–ACW, 1992 WL 350702, at *3 (N.D. Ill. Nov. 23, 1992) (dismissing First Amendment claim based on excessive force, and noting "that the Fourth Amendment is the only appropriate vehicle for relief on a claim of excessive use of force during an arrest").[6]

Here, as Plaintiffs' First Amendment retaliation claim is based upon "the same set of facts" as his Fourth Amendment excessive force claim, his retaliation claim should be dismissed.

### III. Plaintiff Fails to Plead a Plausible Claim for Relief against Bastrop County Under *Monell*.[7]

Claims of inadequate supervision and claims of inadequate training both generally require that the plaintiff demonstrate a pattern. *Id*. at 383, fn. 34 (citing *Burge v. St. Tammany Par.*, 336 F.3d 363, 370 (5th Cir. 2003) (proof of deliberate indifference "generally requires a showing 'of more than a single instance of the lack of training or supervision causing a violation of constitutional rights'" (quoting *Thompson,* 245 F.3d at 459)). "A showing of deliberate indifference requires that the Plaintiffs 'show that the failure to train reflects a 'deliberate' or 'conscious' choice to endanger constitutional rights.'" *Id*. (citing *Snyder*, 142 F.3d at 799).

The Fifth Circuit Court of Appeals has "stressed that a single incident is usually insufficient to demonstrate deliberate indifference." *Estate of Davis ex rel. McCully v. City of N. Richland Hills,* 406 F.3d 375, 382–83 (5th Cir. 2005) (citing *Cozzo v. Tangipahoa Par. Council--President Gov't*, 279 F.3d 273, 288 (5th Cir. 2002); *Thompson v. Upshur Cty., TX*, 245 F.3d 447, 459 (5th Cir. 2001); *Snyder v. Trepagnier*, 142 F.3d 791, 798 (5th Cir. 1998)).

---

[6] *But, see*
[7] *Monell v. Dep't of Soc. Servs. of City of New York,* 436 U.S. 658 (1978).

4

Although "it is true that there is a so-called 'single incident exception;' it it is inherently 'a narrow one, and one that we have been reluctant to expand.'" *Estate of Davis ex rel. McCully*, 406 F.3d at 385–86 (quoting *Burge v. St. Tammany Par.*, 336 F.3d 363, 372 (5th Cir. 2003)."To rely on this exception, a plaintiff must prove that the 'highly predictable' consequence of a failure to train would result in the specific injury suffered, and that the failure to train represented the 'moving force' behind the constitutional violation." *Id.* (citing *Roberts v. City of Shreveport*, 397 F.3d 287, 295 (5th Cir. 2005)). "[T]here is a difference between a *complete failure to train,* as in [*Brown v. Bryan County*], and a failure to train in one limited area." *Id.* at 386 (quoting *Cozzo,* 279 F.3d at 288; *Roberts,* 397 F.3d at 295–96 (distinguishing *Brown v. Bryan County)*).

Here, Plaintiff's claims do not fall within the narrowly used "single incident exception." Plaintiff does not allege that there was a complete failure to train Defendant Davis on the part of Bastrop County; rather, Plaintiff's claims are based on very specific areas of training that pertain to the isolated facts alleged by Plaintiff. Further, Plaintiff has failed to plead sufficient facts to show that the training provided by Bastrop County was so deficient as to constitute deliberate indifference, as required for application of the single incident exception.

## IV.   Punitive Damages

As Plaintiff offered no argument regarding punitive damages, dismissal of Plaintiff's punitive damage claims is warranted as outlined in Defendants' motion to dismiss.

## V.   PRAYER

Based on the foregoing, **DEREK DAVIS**, in his individual capacity, and **BASTROP COUNTY** pray the Court grant their Partial Motion to Dismiss and order that Ybarra's claims against Defendant Davis for "Illegal Entry" and "First Amendment Retaliation" and all of his claims

against Bastrop County be dismissed in their entirety. Defendants also pray that the Court grant such other and further relief to which they are justly entitled.

Respectfully submitted,

 /s/ Jamie R. Guidry
**Larry J. Simmons – Attorney-in-Charge**
State Bar No. 00789628
Federal I.D. No. 18830
**Jamie Guidry – Of Counsel**
State Bar No. 24073512
Federal I.D. No. 24073512
**GERMER PLLC**
America Tower
2929 Allen Parkway, Suite 2900
Houston, Texas 77019
(713) 650-1313 – Telephone
(713) 739-7420 – Facsimile

**COUNSEL FOR DEFENDANTS,
BASTROP COUNTY AND DEREK DAVIS**

## CERTIFICATE OF SERVICE

I hereby certify that on the 17th day of January, 2020, a true and correct copy of **Defendants' Reply in support of their Partial Motion to Dismiss Plaintiff's Original Complaint** was forwarded to all known counsel of record pursuant to the Federal Rules of Civil Procedure.

/s/ Jamie R. Guidry
**Jamie R. Guidry**
