UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| ERIC YBARRA § | | |
| *Plaintiff* § | | |
| § | | |
| v. § | NO. 1:19-CV-1099-RP | |
| § | | |
| DEREK DAVIS, in his individual § | JURY DEMANDED | |
| Capacity, and BASTROP COUNTY § | | |
| *Defendants* § | | |

## DEFENDANTS DEREK DAVIS AND BASTROP COUNTY'S
## ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT

Defendants DEREK DAVIS and BASTROP COUNTY ("Defendants") file this Original Answer and Affirmative Defenses to Plaintiff's Original Complaint,[1] and in support thereof, would respectfully show the Court the following:

### I. DEFENDANTS' ANSWER

Defendants respond to Plaintiff Eric Ybarra's ("Plaintiff" or "Ybarra") Original Complaint by correspondingly numbered and designated sections. All allegations not specifically admitted are denied.

### I. PARTIES

1. Defendants are without sufficient information to form a belief about the truth of the allegations in paragraph 1, therefore, those allegations are denied.

2. Regarding the allegations in paragraph 2, Defendants admit only that Derek Davis is a Sheriff's deputy for Bastrop County Sheriff's Office. To the extent paragraph 2 contains legal conclusions, no responsive pleading is required, and, thus, those allegations are denied.

---
[1] Dkt. No. 1.

3.      Regarding the allegations contained in paragraph 3, Defendants admit only that Bastrop County is a governmental entity within Texas.  To the extent paragraph 3 contains legal conclusions, no responsive pleading is required, and, thus, those allegations are denied.  Defendants deny any remaining allegations contained in paragraph 3.

## II.     JURISDICTION AND VENUE

4.      To the extent paragraph 4 contains legal conclusions, no responsive pleading is required, and, thus, those allegations are denied.  Defendants admit only that this Court has jurisdiction over the subject matter of the claims alleged in Plaintiff's Original Complaint.  Defendants deny any remaining allegations contained in paragraph 4.

5.      To the extent paragraph 5 contains legal conclusions, no responsive pleading is required, and, thus, those allegations are denied.  Defendants admit only that Bastrop County is within the Western District of Texas.  Defendants deny any remaining allegations contained in paragraph 5.

## III.    FACTS

6.      Regarding the allegations in paragraph 6, Defendants admit Davis handcuffed Ybarra.  Defendants deny the remaining allegations in paragraph 6.

7.      Regarding the allegations in paragraph 7, Defendants admit only that Ybarra was handcuffed and restrained.  Defendants deny the remaining allegations in paragraph 7.

8.      Regarding the allegations in paragraph 8, Defendants are without sufficient information to form a belief about the truth of the allegations in paragraph 8, therefore, those allegations are denied.

9. Regarding the allegations in paragraph 9, Defendants admit only that Plaintiff was taken to the Bastrop County Sheriff's Office. Defendants deny the remaining allegations in paragraph 9.

10. Defendants admit Davis believed Ybarra's driver's license was expired. Defendants deny the remaining allegations in paragraph 10.

11. Defendants admit Davis stopped his vehicle at the entrance gate which was closed. Defendants deny the remaining allegations in paragraph 11.

12. Defendants admit that Davis asked a female that was present to open the gate and she responded that she did not have a key. Defendants are without sufficient information to form a belief about the truth of the remaining allegations in paragraph 12, therefore, those allegations are denied.

13. Defendants are without sufficient information to form a belief about the truth of the allegations in paragraph 13, therefore, those allegations are denied.

14. Defendants admit that Davis asked Ybarra to provide his identification. Defendants deny the remaining allegations in paragraph 14.

15. To the extent paragraph 15 contains legal conclusions, no responsive pleading is required, and, thus, those allegations are denied.

16. To the extent paragraph 16 contains legal conclusions, no responsive pleading is required, and, thus, those allegations are denied. Defendants deny the remaining allegations in paragraph 16.

17. Defendants admit the allegations contained in paragraph 17.

18. To the extent paragraph 18 contains legal conclusions, no responsive pleading is required, and, thus, those allegations are denied. Defendants deny the remaining allegations in paragraph 18.

19. To the extent paragraph 19 contains legal conclusions, no responsive pleading is required, and, thus, those allegations are denied. Defendants admit that Davis asked Ybarra to provide his identification. Defendants deny the remaining allegations in paragraph 19.

20. To the extent paragraph 20 contains legal conclusions, no responsive pleading is required, and, thus, those allegations are denied. Defendants admit Ybarra did not produce his identification.

21. Defendants admit at some point Ybarra asked to speak with Davis's supervisor. Defendants deny the remaining allegations in paragraph 21.

22. Defendants admit that Davis informed Ybarra he was being arrested and put handcuffs on Ybarra. Defendants deny the remaining allegations in paragraph 22.

23. Defendants admit Ybarra verbally told Davis his actions were illegal. Defendants deny the remaining allegations in paragraph 23.

24. Defendants admit that Davis asked Ybarra for the key and Ybarra responded he did not have the key. Defendants deny the remaining allegations in paragraph 24.

25. Defendants deny the allegations contained in paragraph 25.

26. Defendants admit that Davis placed Ybarra on the ground. Defendants deny the remaining allegations in paragraph 26.

27. Defendants deny the allegations contained in paragraph 27.

28. Defendants admit that Davis asked Ybarra to stop resisting. Defendants deny the remaining allegations in paragraph 28.

29. Defendants admit that Ybarra stated that he didn't resist at all. Defendants deny the remaining allegations in paragraph 29.

30. Defendants admit that Ybarra asked Davis to get off of him. Defendants deny the remaining allegations in paragraph 30.

31. Defendants admit that Ybarra asked Davis to please get off of him, and stated that he could not breathe. Defendants deny the remaining allegations in paragraph 31.

32. Defendants deny the allegations contained in paragraph 32.

33. Defendants are without sufficient information to form a belief about the truth of the allegations in paragraph 33, therefore, those allegations are denied.

34. Defendants admit that Davis was not disciplined for his lawful actions, where he acted appropriately.

35. Defendants admit that Davis believes he acted in accordance with training he has received.

36. Defendants admit that Davis believes that he acted in accordance with policies of Bastrop County.

### IV. CAUSES OF ACTION

**A. FOURTH AND FOURTEENTH AMENDMENT EXCESSIVE FORCE – AS TO DEFENDANT DAVIS ONLY**

37. To the extent paragraph 37 contains legal conclusions, no responsive pleading is required, and, thus, those allegations are denied. To the extent paragraph 37 asserts factual allegations, those allegations are denied.

38. To the extent paragraph 38 contains legal conclusions, no responsive pleading is required, and, thus, those allegations are denied. To the extent paragraph 38 asserts factual allegations, those allegations are denied.

39. To the extent paragraph 39 contains legal conclusions, no responsive pleading is required, and, thus, those allegations are denied. To the extent paragraph 39 asserts factual allegations, those allegations are denied.

40. Defendants admit that Plaintiff attempts to bring a claim pursuant to 42 U.S.C Section 1983, but deny Defendants are liable.

**B. FOURTH AND FOURTEENTH AMENDMENT ILLEGAL ENTRY – AS TO DEFENDANT DAVIS ONLY**

41. To the extent paragraph 41 contains legal conclusions, no responsive pleading is required, and, thus, those allegations are denied. To the extent paragraph 41 asserts factual allegations, Defendants admit Davis did not obtain a warrant.

42. To the extent paragraph 42 contains legal conclusions, no responsive pleading is required, and, thus, those allegations are denied.

43. To the extent paragraph 43 contains legal conclusions, no responsive pleading is required, and, thus, those allegations are denied. To the extent paragraph 43 asserts any factual allegations, those allegations are denied.

44. To the extent paragraph 44 contains legal conclusions, no responsive pleading is required, and, thus, those allegations are denied.

45. Defendants admit that Ybarra stated that Davis had illegally entered his property and Davis did not immediately leave.

46. To the extent paragraph 46 contains legal conclusions, no responsive pleading is required, and, thus, those allegations are denied.

47. Defendants admit that Plaintiff attempts to bring a claim pursuant to 42 U.S.C Section 1983, but deny Defendants are liable.

**C.   FIRST AMENDMENT RETALIATION – AS TO DEFENDANT DAVIS ONLY**

48. To the extent paragraph 48 contains legal conclusions, no responsive pleading is required, and, thus, those allegations are denied.

49. To the extent paragraph 49 contains legal conclusions, no responsive pleading is required, and, thus, those allegations are denied. To the extent paragraph 49 asserts any factual allegations, those allegations are denied.

50. To the extent paragraph 50 contains legal conclusions, no responsive pleading is required, and, thus, those allegations are denied. To the extent paragraph 50 asserts any factual allegations, those allegations are denied.

51. To the extent paragraph 51 contains legal conclusions, no responsive pleading is required, and, thus, those allegations are denied. To the extent paragraph 51 asserts any factual allegations, those allegations are denied.

52. Defendants admit that Plaintiff attempts to bring a claim pursuant to 42 U.S.C Section 1983, but deny Defendants are liable.

**D.   FOURTH AND FOURTEENTH AMENDMENT § 1983 *MONELL* CLAIM – AS TO DEFENDANT BASTROP COUNTY ONLY**

53. Paragraph 53 and each subpart contains legal conclusions, no responsive pleading is required, and, thus, those allegations are denied. To the extent paragraph 53 asserts any factual allegations, those allegations are denied.

54. To the extent paragraph 54 contains legal conclusions, no responsive pleading is required, and, thus, those allegations are denied. To the extent paragraph 54 asserts any factual allegations, those allegations are denied.

55. Paragraph 55 contains legal conclusions to which no responsive pleading is required, and, thus, those allegations are denied.

56. To the extent paragraph 56 contains legal conclusions, no responsive pleading is required, and, thus, those allegations are denied. To the extent paragraph 56 asserts any factual allegations, those allegations are denied.

57. Defendants admit that Plaintiff attempts to bring a claim pursuant to 42 U.S.C Section 1983, but deny Defendants are liable.

## V. DAMAGES

58. To the extent paragraph 58 and any subparts contain legal conclusions, no responsive pleading is required, and, thus, those allegations are denied. To the extent paragraph 58 asserts any factual allegations, Defendants admit only that Plaintiff seeks damages, but Defendants deny that Plaintiff is entitled to any relief. Defendants deny any remaining allegations contained in paragraph 58.

## VI. JURY DEMAND

59. Defendants admit that Plaintiff requests a trial by jury.

## VII. PRAYER FOR RELIEF

60. To the extent paragraph 60 requires a response, Defendants admit only that Plaintiff seeks relief, but Defendants deny that Plaintiff is entitled to any relief. Defendants deny any remaining allegations contained in paragraph 60.

## II. Defendants' Affirmative Defenses and Other Defenses

Without waiving the foregoing, Defendants assert the following specific denials, affirmative defenses, and/or non-affirmative defenses:

1. Defendants deny that Plaintiff has adequately pled the claims or has stated a claim for which relief may be granted.

2. Defendants would show that they are entitled to all governmental, official, and qualified immunities, and Defendants invoke and assert these immunities.

3. Defendants deny violating Plaintiff's constitutional rights.

4. Defendants deny using excessive force against Plaintiff.

5. Defendants would show that all of their acts or omissions that are the subject of this lawsuit were made in good faith, and were objectively reasonable, and deny that any of their alleged acts or omissions were undertaken maliciously, intentionally, with callous or deliberate indifference, knowingly, negligently, or with any other degree of culpability.

6. Defendants would show that liability under Section 1983 cannot be premised on *respondeat superior*, and Bastrop County denies it is vicariously liable.

7. Defendants deny that any alleged violation of Plaintiff's constitutional rights was the result of an official policy or custom of Bastrop County.

8. Defendants deny that an official policy or custom of the County's final policymaker was the moving force behind any alleged violation of Plaintiff's constitutional rights.

9. Defendants would show that an alleged isolated incident is insufficient to show the existence of an official custom or practice.

10. Defendants would show that Plaintiff's alleged damages, if any, were caused by Plaintiff or by third parties over whom Defendants had no control.

11. Defendants would show that Plaintiff's alleged damages, if any, were caused by new and independent causes not reasonably known or foreseen by Defendants.

12. Defendants assert that Plaintiff's alleged damages, if any, are too speculative to form the basis of recovery.

13. Defendants invoke all statutory and common law damage caps with respect to Plaintiff's alleged damages.

Defendants reserve the right to amend this Answer and add additional defenses as discovery may warrant.

### III.  DEFENDANTS' JURY DEMAND

Defendants asserts their rights under the Seventh Amendment to the United States Constitution and demand, in accordance with Federal Rule of Civil Procedure 38, a trial by jury on all issues.

### IV.  DEFENDANTS' PRAYER

For these reasons, Defendants pray that the Court enter judgment that Plaintiff take nothing, dismiss Plaintiff's lawsuit with prejudice, and award Defendants all other relief to which they are justly entitled.

Respectfully submitted,

_____
**Larry J. Simmons – Attorney in Charge**
State Bar No. 00789628
Federal I.D. No. 18830
ljsimmons@germer.com
**Ryan C. Krone – Of Counsel**
State Bar No. 24085750
Federal I.D. No. 3083949
rkrone@germer.com
**GERMER PLLC**
America Tower
2929 Allen Parkway, Suite 2900
Houston, TX 77019
(713) 650-1313 – Telephone
(713) 739-7420 – Facsimile

**COUNSEL FOR DEFENDANTS**
**DEREK DAVIS AND BASTROP COUNTY**

## CERTIFICATE OF SERVICE

I certify that on the 13th day of October, 2020, a copy of the foregoing document was electronically filed on the CM/ECF system, which will automatically serve a Notice of Electronic Filing to all counsel of record pursuant to the Federal Rules of Civil Procedure.

_____
**Ryan C. Krone**